### JAMES MADDOX, ET AL. *v.* WM. AUSTIN.

[Abstract Kentucky Law Reporter, Vol. 5—240.]

**Estoppel.**

> Where there were two funds out of which appellants could have made their claim, and but one out of which appellee could be compensated, and appellant to mislead appellee asserted claim, which he did not enforce, to the fund upon which appellee had no lien, the appellant is held to be estopped to claim preference over appellee as to the other fund.

APPEAL FROM OHIO CIRCUIT COURT.

September 11, 1883.

OPINION BY JUDGE HINES:

Without mentioning other reasons, this case ought to be affirmed because the evidence shows that the appellant, Thomas Maddox, prevented appellee from making his debt out of the mortgaged tobacco by representing that he held a prior mortgage on it, when, to give the most favorable construction, said appellant allowed the proceeds of the mortgaged tobacco to be appropriated by his brother for whom he was bound as surety. There were two funds out of which appellants could have made their claim, and but one out of which appellee could be compensated, and as appellants, with the evident intention to mislead appellee, asserted claim, which they did not enforce, to the

fund upon which appellee had no lien, appellants are estopped to claim preference over appellee as to the other fund.

Judgment *affirmed*.

*Walker & Hubbard, for appellants.*

*McHenry & Hill, for appellee.*